UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kevin Rodgers,**

    **Plaintiff,**                            **Case No. 2:20-cv-2848**

    v.                                  **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

**Donnie Morgan,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

The Magistrate has issued a Report and Recommendation ("R&R") recommending that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) for failure to state a claim. (ECF No. 8.) Plaintiff has filed objections to this R&R. (ECF No. 14.) As explained below, Plaintiff's objections are **OVERRULED**, and the R&R is **ADOPTED IN PART**.

Plaintiff Kevin Rodgers is an inmate at Ross Correctional Institution where he is incarcerated after being convicted of state criminal charges. (Compl. at 2, ECF No. 1; R&R, at 5, ECF No. 8.) He has filed a Complaint naming five individuals as defendants—Donnie Morgan, the facility Warden; Jennie Haywood, the Warden's administrative assistant; FNU Kinker, the Deputy Warden for Special Services; Eric Groves, an institutional inspector; and Tammi Driesbach[1], a legal mail officer at the prison. (Compl. at 2–4.) All five defendants are sued in their individual and official capacities. (*Id.*)

As explained in greater detail by the Magistrate, Mr. Rodgers makes four general allegations—1) the prison has impeded his ability to conduct legal research regarding the appeals

---

[1] Mr. Rodgers's Complaint identifies the fifth defendant as "J. Driesbach," (ECF No. 1, at 4), but in his objections he refers to her as "Tammi Driesbach," (ECF No. 14, at 1).

related to his state criminal case; 2) the prison has twice opened his legal mail in violation of prison policies; 3) he was wrongfully accused of assaulting a fellow inmate and was punished after a proceeding that violated his procedural due process rights; and 4) his resulting punishment violates his Eighth Amendment protections against cruel and unusual punishment. (ECF No. 8, at 5–7.)

The Magistrate screened Mr. Rodgers's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and recommended that the Complaint be dismissed in its entirety. (ECF No. 8.) First, the Magistrate concluded that Mr. Rodgers's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment and recommended that these claims be dismissed. (ECF No. 8, at 8–9.) Mr. Rodgers does not object to this conclusion. The Court agrees with the Magistrate, and the official capacity claims are **DISMISSED** with prejudice.

Second, the Magistrate concluded that Mr. Rodgers's claims about interference with his legal efforts are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 8, at 9–10.) Mr. Rodgers continues to argue that the prison officials have interfered with his ability to conduct legal research and to pursue his legal claims. (ECF No. 14, at 2–5.) However, these arguments are irrelevant.

It is clear from Mr. Rodgers's Complaint and objections that his research efforts pertain to his state criminal case. (ECF No. 9, at 9, 12 ("These events . . . started to arise . . . when the defendant [received] appellate review confirmation of the defendants [sic] case being accepted back at the appellate court stage, and the defendant was going to need serious access to law upon litigating in the Ohio Supreme Court, in case the defendants [sic] litigation in the court of appeals was denied."); ECF No. 14, at 1 ("[T]he plaintiff requested a GTL tablet to properly

2

study to file pleading's [sic] with the trial court to litigate the manifest injustice that occurred during trial . . . .").) And as the Magistrate concluded, the Sixth Circuit has held that *Heck* bars an access-to-the-courts claim premised on the denial of access to information that bears on the validity of an underlying judgment in a state criminal case. *See Sampson v. Garrett*, 917 F.3d 880, 881–82 (6th Cir. 2019) ("[A] favorable judgment on Sampson's access-to-the-court claim would necessarily bear on the validity of his underlying judgment, because that is exactly what he says the defendants kept him from contesting fairly." (emphasis deleted)). This-access to-the-courts claim is **DISMISSED** without prejudice.

Third, the Magistrate recommended that Mr. Rodgers's claim relating to the opening of his legal mail should be dismissed because he had not alleged the personal involvement of any of Defendants in the opening of his legal mail. (ECF No. 8, at 11–12.) In his Complaint, Mr. Rodgers alleges that on February 10, 2020, and on March 12, 2020, he received legal mail that had been opened. (ECF No. 1, at 7–8.) This plausibly alleges a First Amendment violation. *See Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009). But, as the Magistrate explained, Mr. Rodgers never attributes this asserted constitutional violation to any of Defendants as is required. *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

In his objections. Mr. Rodgers alleges that this constitutional violation is attributable to Defendant Tammi Driesbach and contends that he specified this in his Complaint. (ECF No. 14, at 1.) He did not. However, given that Mr. Rodgers has pleaded sufficient facts to otherwise sustain this claim and given that he appears to have inadvertently failed to attribute this violation to Ms. Driesbach, Mr. Rodgers is **GRANTED** leave to amend his Complaint to make this allegation.

Finally, the Magistrate concluded that Mr. Rodgers's due process and Eighth Amendment claims should be dismissed. (ECF No. 8, at 12–14.) For the reasons stated in the R&R, the Court agrees. In his objections, Mr. Rodgers continues to make the same arguments already rejected by the Magistrate. Mr. Rodgers does now acknowledge that he lacks a due process right in his security classification, but he argues that a classification based on an act of violence that a prisoner purportedly did not commit violates the Eighth Amendment. That is incorrect. This is an alleged procedural violation and is not part of the Eighth Amendment analysis.

An Eighth Amendment claim based on conditions of confinement requires that an inmate be "deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). An Eighth Amendment violation can only occur by analyzing the *punishment*, not the *process* that led to the punishment. *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977) (describing types of Eighth Amendment claims). And as Mr. Rodgers has now conceded, he has no constitutional basis for contesting the decision to heighten his security classification. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005). Nor does he allege that his segregated conditions "impose[] atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). These claims are **DISMISSED** without prejudice.

Given the above analysis, all of Mr. Rodgers's claims are **DISMISSED** except for his claim related to the opening of his legal mail. Mr. Rodgers is **GRANTED** leave to file an amended complaint with respect to that claim only, and the amended complaint must specify the defendant(s) who have individually caused this alleged constitutional violation. Mr. Rodgers may not add any additional claims without first filing a motion for leave to amend. Mr. Rodgers

is **ORDERED** to file his amended complaint within twenty-one days of this order, or his Complaint will be dismissed in its entirety.

Mr. Rodgers has also filed a summary judgment motion. (ECF No. 15.) He requests summary judgment because Defendants have not filed an Answer. However, Defendants have not yet been served and thus are not yet required to file an Answer. *See* Fed. R. Civ. P. 12(a). The motion is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**