UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN RODGERS,

      **Plaintiff,**

  v.                                    Civil Action 2:20-cv-2848
                                                Judge Sarah D. Morrison
                                                Magistrate Judge Chelsey M. Vascura

TAMMI DRIESBACH,

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Kevin Rodgers, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendant Tammi Driesbach, an employee of the Ross Correctional Institution, violated his First Amendment rights by opening his legal mail outside his presence.  This matter is before the Court for consideration of Defendant's Motion for Judgment on the Pleadings (ECF No. 42) and Plaintiff's Memorandum in Opposition (ECF No. 47).  For the following reasons, it is **RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 42) be **DENIED**.

                **I.**         **BACKGROUND**

Plaintiff commenced this action on April 13, 2020.  (Compl., ECF No. 1.)  Plaintiff's original Complaint asserted claims under 42 U.S.C. § 1983 against Defendant prison officials Donnie Morgan, Jennie Haywood, Tammi Driesbach, Eric Groves, and Ms. Kinker, in which he alleged Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments.  (*Id.*)  After performing the screening required by 42 U.S.C. §§ 1915(e) and 1915A, the undersigned recommended dismissal of all claims.  (ECF No. 8.)  Over Plaintiff's

objections, the District Judge adopted the undersigned's recommendation, but also granted Plaintiff leave to amend his Complaint to allege personal involvement of Defendant Driesbach in the opening of Plaintiff's legal mail outside his presence. (ECF No. 16.)

Plaintiff filed his Amended Complaint on August 17, 2020. (ECF No. 17.) Therein, he alleges that on two occasions, Defendant Tammi Driesbach (Ross Correctional Institution's staff member in charge of receipt of legal mail) opened his legal mail outside his presence in violation of the First Amendment, Ohio Administrative Code § 5120-9-17, and Ohio Department of Correction and Rehabilitation Policy 59-LEG-01. On February 10, 2020, Plaintiff received a letter from the Ohio Innocence Project, containing sensitive and confidential information about Plaintiff's conviction, without an envelope. (Am. Compl., PAGEID #153, ECF No. 17.) Two days later, on February 12, 2020, Plaintiff received a letter from the Ohio Public Defender's Office, also containing sensitive and confidential information about Plaintiff's conviction, with the envelope already opened. (*Id.*) Plaintiff further alleges that, after he received these two pieces of legal mail already opened, he requested a copy of the legal mail log and discovered that "Defendant forged the Plaintiff's signature on the log as if the Plaintiff signed the log." (*Id.*, PAGEID #146.)

Defendant filed her Answer to the Amended Complaint on January 8, 2021 (ECF No. 37), and the present Motion for Judgment on the Pleadings on February 4, 2021 (ECF No. 42). In her Motion, Defendant argues that Plaintiff's First Amendment legal mail claim must fail because (1) the Amended Complaint is devoid of allegations that Plaintiff's legal mail was clearly marked as being sent by an attorney; (2) Plaintiff has not alleged any prejudice from the opening of his legal mail outside his presence; and (3) Plaintiff has not alleged that his legal mail was opened with the intention to impede his access to the courts.

2

## II.    STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) (citing *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)). In deciding on a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes Inv., LLC,* 594 F.3d 441, 445 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 526 (6th Cir. 2006)). The Court may grant a motion for judgment on the pleadings when the "moving party is entitled to judgment as a matter of law." *Id.* (internal citation omitted).

To survive a motion for judgment on the pleadings, Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010). The Court holds *pro se* plaintiffs "to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight,* 532 F.3d 567, 577 (6th Cir. 2008). But "[d]espite this, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id.* In other words, "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Id.* (quoting *Kamppi v. Ghee,* 208 F.3d 213 (Table) (6th Cir. 2000)).

### III.    ANALYSIS

**A.    Standards Governing Inmates' Legal Mail**

"A prisoner's right to receive mail is protected by the First Amendment . . . ." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).  The protection is heightened when the incoming mail is legal mail.  *Id.* at 874.  Prison officials may open and inspect a prisoner's "legal mail" only in the presence of the prisoner "in accordance with appropriately drafted and uniformly applied regulations." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonald*, 418 U.S. 539 (1974)).  Prison policy or other regulations may, therefore, prohibit the opening of legal mail outside the presence of the prisoner.  In the alternative, the United States Court of Appeals for the Sixth Circuit Court has approved an opt-in system in which prison officials may open any mail outside a prisoner's presence unless the prisoner has affirmatively requested that mail sent by a court or counsel be opened only in the prisoner's presence.  *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993).  The Court approved that system as a way to balance the prison's needs against the prisoner's rights but stressed that an opt-in system would be constitutionally sound only if prisoners received written notice of the policy. *Sallier*, 343 F.3d at 874.  Accordingly, when a prison official is on notice, either by virtue of prison policy or regulation or prisoner request, the official may not open legal mail outside the prisoner's presence.  "[M]ail from an attorney . . . is, of course, the very essence of 'legal mail'" and "as a matter of law, mail from an attorney implicates a prisoner's protected legal mail rights." *Id.* at 877.

Prisons operated by Ohio Department of Rehabilitation and Correction ("ODRC") are also subject to the Ohio Administrative Code, which requires that "legal mail" (defined as mail addressed to an inmate clearly bearing the return address of, *inter alios*, an attorney-at-law) "may be opened and inspected for contraband only in the presence of the inmate-addressee."  OAC

§ 5120-9-17(B)(2). The ODRC further has a written policy requiring prison officials to comply with the Ohio Administrative Code's legal mail provisions. *See* ODRC 59-LEG-01, ¶ VI.G.1.

**B.      Clear Marking**

Defendant argues that First Amendment protections should not apply to Plaintiff's legal mail because he does not allege that his legal mail was clearly marked as being sent by an attorney. Although clear marking is generally required to confer protections for legal mail, *see Wolff,* 418 U.S. at 576–77 and *Kensu*, 87 F.3d at 174, the undersigned finds Plaintiff's allegations sufficient on this point.

As an initial matter, the undersigned takes judicial notice that both the Ohio Innocence Project and the Ohio Public Defender's Office are staffed by attorneys who provide direct legal services to inmates. *See* Fed. R. Evid. 201(b)(2). Mail clearly marked as having been sent from these organizations to inmates therefore falls within the First Amendment's and the Ohio Administrative Code's definition of "legal mail." *Cf. Sallier*, 343 F.3d at 875 (mail from the American Bar Association was not "legal mail" under the First Amendment because "the ABA is not a direct-services legal organization and generally does not provide legal advice").

Next, with regard to the letter received from the Ohio Innocence Project, Plaintiff alleges that the letter was received without any envelope at all. Plaintiff therefore has no way of knowing or alleging how the envelope containing the letter was marked when Defendant received it. Plaintiff's lack of knowledge about the envelope cannot be held against him when the lack of knowledge was caused by Defendant. To hold otherwise would create the absurd result that prison officials could simply dispose of the envelope of every piece of legal mail they receive to prevent inmates from stating a legal mail claim.

Finally, as to the letter received from the Ohio Public Defender's Office, Plaintiff's Amended Complaint alleges that "[t]his mail was already open upon arrival" but does not speak

to the markings on the envelope. (Am. Compl., PAGEID #153.) Although Plaintiff did not specifically allege that the envelope was marked with the return address of the Ohio Public Defender's Office, his allegations are not inconsistent with such clear marking, and it is plausible to infer that any mail from the Ohio Public Defender's Office would bear its return address. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that rule 12(b)(6) "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [a necessary pleading element]"). Plaintiff's allegation that he received a letter from the Ohio Public Defender's Office is sufficient to raise a reasonable expectation that discovery will reveal that the envelope was marked with the Ohio Public Defender's Office return address. Defendant's clear marking argument therefore fails.

## C.     Lack of Prejudice

Defendant argues that Plaintiff's claims must fail because he has not "alleged any specific facts showing prejudice to his litigation." (Mot. 7, ECF No. 42.) Here, and elsewhere in her Motion, Defendant mischaracterizes Plaintiff's claim as one for violation of his First Amendment right to access the courts. Defendant fails to appreciate that inmates' legal mail is itself constitutionally protected outside of the right of access to courts.[1]

Although legal mail interference may certainly result in impediments to inmates' access to courts, the United States Court of Appeals for the Sixth Circuit has recognized that inmates also hold a confidentiality interest in legal mail that need not implicate any underlying litigation. *See Sallier*, 343 F.3d at 874 (legal mail warrants protection because it may "impact[ ] or [have] import for the prisoner's legal rights, the attorney-client privilege, *or* the right of access to

---

[1] Although Plaintiff does make a single reference to his right of access to courts (Am. Compl. ¶ 11.B), the Court looks to the substance of Plaintiff's claims rather than the labels Plaintiff applies. *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001).

6

courts") (emphasis added); *Muhammad v. Pitcher*, 35 F.3d 1081, 1083 (6th Cir. 1994) ("a prisoner has a fundamental interest in maintaining the confidentiality of such correspondence [from an attorney]"). Thus, the actual prejudice suffered by inmates whose legal mail is opened outside of their presence stems not from any hindrance of underlying litigation, but from the breach of confidentiality to which inmates are entitled, which may discourage them from exercising their First Amendment rights to correspond with attorneys. *See Muhammad*, 35 F.3d at 1084 (prison's policy of treating all mail from the state attorney general as non-confidential "could chill Muhammad from turning to the Attorney General's Office under circumstances in which the office could otherwise be of service"). And "[i]t is well-settled that a chilling effect on one's constitutional rights constitutes a present injury in fact." *Id.* (quoting *G & V Lounge v. Mich. Liquor Control Comm'n,* 23 F.3d 1071, 1076 (6th Cir. 1994)). Therefore, Plaintiff has sufficiently alleged prejudice from the opening of his legal mail outside his presence.

**D.     State of Mind**

Defendant further argues that Plaintiff's claims must fail because "the Amended Complaint fails to allege any facts showing Defendant deliberately withheld Plaintiff's mails with the intent to obstruct his access to court." (Mot. 6, ECF No. 42.) Defendant again mischaracterizes Plaintiff's claim as one for violation of his First Amendment right of access to courts. Instead, the appropriate inquiry is whether Defendant acted with the requisite intent to deprive Plaintiff of his First Amendment right to confidentiality of his legal mail.

Generally, "an isolated incident of negligence" is insufficient to state a constitutional claim under 42 U.S.C. § 1983. *Ohio Civil Serv. Emp. Ass'n v. Seiter*, 858 F.2d 1171, 1175 (6th Cir. 1988) (citing *Puckett v. Cox,* 456 F.2d 233 (6th Cir. 1972)). However, it is not clear that any particular state of mind is necessary for a § 1983 claim for opening inmates' legal mail outside their presence. Defendant relies on a single unreported district court case, speaking to an access-

7

to-courts claim involving a prison official's delay in sending an inmate's outgoing legal mail, for her state-of-mind argument.  *See Lloyd v. Mohr*, No. 2:13-CV-1158, 2014 WL 111172, at *4 (S.D. Ohio Jan. 10, 2014), *report and recommendation adopted*, 2014 WL 934647 (S.D. Ohio Mar. 10, 2014).  But reported Sixth Circuit cases speaking directly to claims for incoming legal mail opened outside inmates' presence have not required any particular state of mind by prison officials before concluding that a constitutional violation occurred.  *See Sallier*, 343 F.3d at 878; *Kensu*, 87 F.3d at 175; *Muhammad*, 35 F.3d at 1086.

Further, even if intentional conduct is required, Plaintiff's allegations are sufficient.  Plaintiff alleged two incidents of legal mail opened outside his presence occurring only two days apart (Am. Compl., PAGEID #153, ECF No. 17), which plausibly suggests a pattern and not a single accidental violation.  More importantly, Plaintiff alleged that Defendant forged his signature in the legal mail log (*Id.*, PAGEID #146), which, if true, can only be considered intentional conduct.  Thus, Defendant's actions cannot be described as merely "an isolated incident of negligence," *Seiter*, 858 F.2d at 1175, and Plaintiff has sufficiently alleged that Defendant acted intentionally in opening his legal mail outside his presence.

## IV.     CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 42) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

8

to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE