UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN RODGERS,**

    **Plaintiff,**

  v.                                         **Civil Action 2:20-cv-2848**
                                                  **Judge Sarah D. Morrison**
                                                  **Magistrate Judge Chelsey M. Vascura**

**TAMMI DRIESBACH,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Kevin Rodgers, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendant Tammi Driesbach, an employee of the Ross Correctional Institution, violated his First Amendment rights by opening his legal mail outside his presence. Both parties have moved for summary judgment. (ECF Nos. 50, 54.) For the following reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 50) be **GRANTED** and that Plaintiff's Motion for Summary Judgment (ECF No. 54) be **DENIED**.

                                      **I.    BACKGROUND**

Plaintiff commenced this action on April 13, 2020. (Compl., ECF No. 1.) Plaintiff's original Complaint asserted claims under 42 U.S.C. § 1983 against Defendant prison officials Donnie Morgan, Jennie Haywood, Tammi Driesbach, Eric Groves, and Ms. Kinker, in which he alleged Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. (*Id.*) After performing the screening required by 42 U.S.C. §§ 1915(e) and 1915A, the undersigned recommended dismissal of all claims. (ECF No. 8.) Over Plaintiff's

objections, the District Judge adopted the undersigned's recommendation, but also granted Plaintiff leave to amend his Complaint to allege personal involvement of Defendant Driesbach in the opening of Plaintiff's legal mail outside his presence. (ECF No. 16.)

Plaintiff filed his Amended Complaint on August 17, 2020. (ECF No. 17.) Therein, he alleges that on two occasions, Defendant Tammi Driesbach (Ross Correctional Institution's staff member in charge of receipt of legal mail) opened his legal mail outside his presence in violation of the First Amendment, Ohio Administrative Code § 5120-9-17, and Ohio Department of Correction and Rehabilitation Policy 59-LEG-01. On February 10, 2020, Plaintiff received a letter from the Ohio Innocence Project, containing sensitive and confidential information about Plaintiff's conviction, without an envelope. (Am. Compl., PAGEID #153, ECF No. 17.) Two days later, on February 12, 2020, Plaintiff received a letter from the Ohio Public Defender's Office, also containing sensitive and confidential information about Plaintiff's conviction, with the envelope already opened. (*Id.*) Plaintiff further alleges that, after he received these two pieces of legal mail already opened, he requested a copy of the legal mail log and discovered that "Defendant forged the Plaintiff's signature on the log as if the Plaintiff signed the log." (*Id.*, PAGEID #146.)

Defendant moved for summary judgment on March 5, 2021, contending that Plaintiff cannot prevail because he failed to exhaust administrative remedies through the prison grievance system. (ECF No. 50.) Plaintiff also moved for summary judgment on March 19, 2021, contending that the undisputed facts establish that Defendant violated his First Amendment rights with regard to his legal mail. (ECF No. 54.)

II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.  ANALYSIS

**A.  Standards Governing Exhaustion of Administrative Remedies**

Before commencing an action under 42 U.S.C. § 1983, prisoners are required to exhaust administrative remedies by the the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). As the Sixth Circuit Court of Appeals has explained:

> The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court. *See* 42 U.S.C. 1997e(a); *Woodford v. Ngo*, 548 U.S. 82, 90 [ ] (2006). This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants. *Jones* [*v. Bock*], 549 U.S. [199,] 212 [(2007)]. When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012).
>
> There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution. *Jones*, 549 U.S. at 217-19[ ]. "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether 'those efforts to exhaust were sufficient under the circumstances.'" *Risher* [*v. Lappin*], 639 F.3d [236,] 240 [(6th Cir. 2011)] (quoting *Napier v Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

The purpose of the exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Id.* at 591 (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010)).

In Ohio, the inmate grievance procedures are set forth in Ohio Administrative Code § 5120–9–31. This regulation creates a three-step process governing requests by inmates for relief "regarding any aspect of institutional life that directly and personally affects the [inmate]." O.A.C. § 5120-9-31(A), (J). The first step requires an inmate to "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(J)(1). If the inmate is dissatisfied with the result, he may file a formal grievance with the inspector of institutional services at his institution. O.A.C. § 5120-9-31(J)(2). If an inmate remains dissatisfied, he may file an appeal to the office of the chief inspector. O.A.C. § 5120-9-31(J)(3). An inmate has not exhausted his remedies under § 5120-9-31 until he has received a decision on his appeal to the

office of the chief inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013).

**B.      Plaintiff has failed to exhaust his administrative remedies.**

Defendant submits declarations from prison staff and other prison records establishing that (1) Plaintiff had the opportunity to file informal complaints via electronic Jpay kiosks available to the prison population at any time; (2) in the event the kiosks were out of order, Plaintiff had the opportunity to submit an informal complaint via a paper form or a kite; (3) Plaintiff submitted several informal complaints, grievances, and appeals to the chief inspector in the period before and after the alleged legal mail violations; but (4) Plaintiff never submitted an informal complaint, grievance, or appeal to the chief inspector with regard to his legal mail being opened outside his presence in February 2020. *See* Lee Decl. ¶¶ 13–14, ECF No. 50-1; Diehl Decl. ¶¶ 5–7, ECF No. 50-3; Inmate Grievance History, ECF No. 50-2.

In opposition, Plaintiff does not dispute that he never filed an informal complaint with regard to his legal mail. Plaintiff argues only that the kiosks in his unit were out of order during the relevant time period, and, although he sent kites requesting paper copies of the informal complaint form, he received no response. (Mem. in Opp'n 2, ECF No. 53.) But, as Defendant correctly points out, "[a] prisoner who simply alleges that prison officials did not provide him with the proper paperwork to follow administrative procedures does not demonstrate a genuine issue of material fact that he was prevented from exhausting his administrative remedies." *Hargrove v. Holley*, No. 1:17-CV-560, 2020 WL 1042620, at *4 (S.D. Ohio Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 5651476 (S.D. Ohio Sept. 22, 2020) (citing *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001)). Rather, a prisoner must present evidence "that there was no other source for obtaining a grievance form or that he made [another] attempt to obtain a form or to file a grievance without a form." *Jones*, 266 F.3d at 400. Here, Plaintiff

5

admits that "[i]n the month of February 2020, the plaintiff wrote kites (multiple) to Inspector Diehl for the use of the one (1) kiosk machine" and that he "also wrote Inspector Diehl for paper informal complaints." (Rodgers Aff. 1, ECF No. 53.) Given Plaintiff's admitted access to multiple kites in the month of February, he could have commenced the complaint process via a kite. He chose not to.

More importantly, Plaintiff also avers that "[d]uring the month of February 2020, the plaintiff was able to submit an informal complaint via Jpay kiosk" about an issue unrelated to his legal mail. (Rodgers Aff. 1, ECF No. 53.) The inmate grievance history Defendant submits confirms that Plaintiff submitted informal complaints unrelated to his legal mail on February 27 and March 3, 2020, via the Jpay kiosk. (ECF No. 50-2.) Plaintiff further avers that he submitted an informal complaint regarding "inappropriate supervision" using the prison's paper complaint form on June 3, 2020. (Rodgers Aff. 2, ECF No. 53.)

In sum, undisputed evidence establishes that Plaintiff had the opportunity to submit multiple informal complaints and grievances between February 10, 2020 (the first alleged instance of inappropriate legal mail handling), and June 3, 2020, but that Plaintiff chose not to make a complaint about the handling of his legal mail. In these circumstances, Plaintiff has failed to exhaust his administrative remedies. *Jones*, 266 F.3d at 400; *see also Thomas v. Woolum*, 337 F.3d 720, 726–27 (6th Cir. 2003) ("[A] prisoner does not exhaust his administrative remedies when he fails to commence the grievance process or to run the gamut of potential appeals.").

Consequently, the undersigned recommends that Defendant's Motion for Summary Judgment be granted, that Plaintiff's Motion for Summary Judgment be denied, and that Plaintiff's claims be dismissed without prejudice for failure to properly exhaust his

administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.").

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 50) be **GRANTED**; that Plaintiff's Motion for Summary Judgment (ECF No. 54) be **DENIED**, and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE