## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

KEVIN RODGERS,

         **Plaintiff,**

    v.

DONNIE MORGAN, *et al.*,

         **Defendants.**

Civil Action 2:20-cv-2848
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## <u>OPINION AND ORDER</u>

Plaintiff Kevin Rodgers, a state prison inmate proceeding without the assistance of counsel, brought this action under 42 U.S.C. § 1983 against several Defendants associated with the Ohio Department of Rehabilitation and Corrections ("ODRC"). (ECF No. 1.) The sole remaining claim alleges that Defendant Tamara Driesbach opened Mr. Rodgers's legal mail outside his presence in violation of the First Amendment, Ohio Administrative Code § 5120-9-17, and ODRC Policy 59-LEG-01. (ECF No. 17. *See also* ECF No. 16.)

As a threshold matter, the Magistrate Judge issued a Report and Recommendation on March 8, 2021, recommending that Ms. Driesbach's Motion for Judgment on the Pleadings be denied. (ECF No. 52.) The time for filing objections has passed and no objections have been filed. Accordingly, the Court **ADOPTS** and

**AFFIRMS** the Report and Recommendation. For the reasons set forth therein, Ms. Driesbach's Motion for Judgment on the Pleadings (ECF No. 42) is **DENIED**.

On March 23, 2021, the Magistrate Judge issued a second Report and Recommendation recommending that Ms. Driesbach's Motion for Summary Judgment be granted, that Mr. Rodgers's Motion for Summary Judgment be denied, and that his claims be dismissed without prejudice for failure to properly exhaust his administrative remedies. (R&R, ECF No. 55.) Mr. Rodgers filed his objection to the Report and Recommendation. (Obj., ECF No. 56.) Ms. Driesbach filed no response. For the reasons set forth below, the Court **OVERRULES** Mr. Rodgers's objections and **ADOPTS** and **AFFIRMS** the second Report and Recommendation. Ms. Driesbach's Motion for Summary Judgment is **GRANTED**; Mr. Rodgers's Motion for Summary Judgment is **DENIED**.

## I.    BACKGROUND

The sole remaining claim alleges that Ms. Driesbach opened Mr. Rodgers's legal mail outside his presence on two occasions: first on February 10, 2020, and again on February 12, 2020. (*See* ECF No. 17, 4.) Mr. Rodgers further alleges that Ms. Driesbach forged his name on the mail logs to conceal the misconduct. (*Id.*, 5.) Ms. Driesbach moves for summary judgment on the grounds that Mr. Rodgers failed to initiate the inmate grievance procedures, as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 50.) Mr. Rodgers was incarcerated at the Ross Correctional Institution ("RCI") during the relevant period. (ECF No. 17, 6.) Inmates at RCI may initiate the grievance procedures by filing an informal complaint on a JPay kiosk located in the inmate's housing unit, requesting a paper

2

complaint form, or sending the complaint via kite (an informal written communication from an inmate to corrections staff). (ECF No. 50-3, ¶¶ 3–6.)

## II. ANALYSIS

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Ms. Driesbach moves for summary judgment on the grounds that Mr. Rodgers had not exhausted his administrative remedies. (ECF No. 50.) As the Magistrate Judge correctly explained, the PLRA "requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in federal court." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). *See also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Ohio's inmate grievance procedures are set forth in Ohio Administrative Code § 5120-9-31. The grievance procedure is "comprised of three consecutive steps." Ohio Admin. Code § 5120-9-31(J). First, an inmate must "file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." Ohio Admin. Code § 5120-9-31(J)(1). If the inmate is dissatisfied with the result, he may file a

formal grievance with the Inspector of Institutional Services at his institution. Ohio Admin. Code § 5120-9-31(J)(2). If an inmate remains dissatisfied, he may file an appeal to the Office of the Chief Inspector. Ohio Admin. Code § 5120-9-31(J)(3). "An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the Office of the Chief Inspector." *Blissit v. Fiquris*, 345 F. Supp. 3d 931, 938 (S.D. Ohio 2018) (Graham, J.).

The Magistrate Judge found that Mr. Rodgers failed to exhaust his administrative remedies, because he did not file an informal complaint as required at step one of the inmate grievance procedures. (R&R, 6.) Mr. Rodgers objects, arguing that he was prevented from complying with the grievance procedures. (Objs., *generally*.) Although the PLRA's exhaustion requirement is mandatory, it abides only to the extent the administrative remedies are "available." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016). The Supreme Court has recognized "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief"—in other words, the remedy is not "available." *Id*. at 1859. They are:

> 1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use[—i.e.,] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it"; and 3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Blissit*, 345 F. Supp. 3d at 940 (quoting *Ross*, 136 S.Ct. at 1859–60.) No such exception exists in Mr. Rodgers's case.

4

Mr. Rodgers vigorously argues that he was prevented from initiating the inmate grievance procedure in February 2020. (Objs., *generally*.) Specifically, he asserts that the JPay kiosk was not functional, and that his kites requesting paper complaint forms were ignored. (*Id.*, 4.) The record tells a different story. The constitutional violations allegedly occurred on February 10, 2020, and February 12, 2020. The record reflects that Mr. Rodgers successfully filed a grievance against the Warden of RCI on February 7, 2020[1], and an informal complaint against the Deputy Warden of Special Services on February 27, 2020. (ECF No. 50-2, 2.) This indicates that the grievance procedures were available to Mr. Rodgers in February 2020. The record further reflects that Mr. Rodgers successfully filed an informal complaint and a grievance related to the handling of legal mail in June 2019. (*Id.*) It is therefore clear that Mr. Rodgers was aware of the proper procedures for grieving such conduct. Finally, by his own admission, Mr. Rodgers regularly sent kites and other written requests to RCI staff. (*See, e.g.*, ECF No. 53.) Though he has produced some of those communications (*see* ECF No. 53-2, PAGEID # 289–91, 299), he has been unable to show that he ever raised the offensive conduct alleged. As the Magistrate Judge correctly concluded, Mr. Rodgers "could have commenced the complaint process via a kite. He chose not to." (R&R, 6.)

Accordingly, Mr. Rodgers's objections are **OVERRULED**.

---

[1] Complaints against the warden are subject to direct grievance to the Office of the Chief Inspector. Ohio Admin. Code § 5120-9-31(L).

5

### III.    CONCLUSION

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that Mr. Rodgers's objections to the Report and Recommendation are without merit. The Court therefore **OVERRULES** Mr. Rodgers's objections (ECF No. 56) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 55). Accordingly, Ms. Driesbach's Motion for Summary Judgment (ECF No. 50) is **GRANTED** and Mr. Rodgers's Motion for Summary Judgment (ECF No. 54) is **DENIED**. Mr. Rodgers's remaining claim is **DISMISSED without prejudice** to refiling.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order and **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE